

NIGHT BOX FILED
JUL 13 1998
CARLOS JUENKE
CLERK, USDC/SDFL/MIA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

| | |
|---|---|
| TODD GRAHAM, ) | CASE NO. **98-14207** |
| Plaintiff, ) | Magistrate Judge **MAGISTRATE JUDGE** |
| ) **CIV-PAINE** | VITUNAC |
| v. ) | |
| ) | **NOTICE OF REMOVAL** |
| PIZZA HUT, INC., a Florida Corporation, ) | (from the 10th Circuit Court |
| BLUE RIDGE PIZZA HUT, INC., a ) | Case No. GC 98-241) |
| Virginia Corporation authorized to ) | |
| conduct business in the State of Florida, ) | |
| and ANN GALUZZO, ) | |
| Defendants. | |

Pursuant to 28 U.S.C. § 1446, Defendants, Pizza Hut, Inc., Blue Ridge Pizza Hut, Inc., and Ann Galuzzo, hereby notice the removal from state court of the case styled <u>Todd Graham vs. Pizza Hut, Inc., a Florida Corporation, Blue Ridge Pizza Hut, Inc., a Virginia Corporation authorized to conduct business in the State of Florida, and Ann Galuzzo</u>, Case No. GC-98-241 (the "State Court Action"), and as grounds therefore state as follows:

1.  Plaintiff, Todd Graham, filed the State Court Action against Pizza Hut in the Tenth Judicial Circuit in and for Highlands County, Florida.

2.  The State Court Action seeks relief under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. (the "ADA") and the Florida Americans with Disabilities Accessibility Implementation Act, Chapter 553 et seq., Florida Statutes.

3.  The District Court has federal question jurisdiction under 28 U.S.C. § 1331 because the ADA claim arises under the laws of the United States.



-2-

4. To date, no defendants have been served with process in the State Court Action, and defendants expressly state that by filing this notice of removal they do not agree to waive service of process or any other defenses they may have.

5. All defendants have agreed to removal of the State Court Action.

6. Attached is a copy of the entire State Court Action file.

> WHITE & CASE LLP
> Attorneys for Defendants
> Pizza Hut, Inc., Blue Ridge Pizza Hut, Inc.
> and Ann Galuzzo
> 200 South Biscayne Boulevard, Suite 4900
> Miami, Florida 33131-2352
> Telephone: (305) 371-2700
>
> By: _____
> Stephen M. Corse
> Florida Bar No. 318523
>
> Beth Jarrett Moffitt
> Florida Bar No. 987344

-3-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail this 13 day of July, 1998 to: Attorney for plaintiff: Ronald N. Toward, Esq., P.O. Box 1772, Bartow, Florida 33831.

By: _____
Beth Jarrett Moffitt

FILE COPY

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR HIGHLANDS COUNTY, FLORIDA

Todd Graham,                        )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )   CASE NO. GC98-241
                                    )
Pizza Hut, Inc., a Florida          )
Corporation, Blue Ridge Pizza       )
Hut, Inc., a Virginia               )
Corporation authorized to           )
conduct business in the State       )
of Florida, and Ann Galuzzo,        )
                                    )
    Defendants.                     )

**COMPLAINT**

Comes now Plaintiff, TODD GRAHAM, by and through undersigned counsel, and sues PIZZA HUT, INC., a Florida Corporation, BLUE RIDGE PIZZA HUT, INC., a Virginia Corporation authorized to conduct business in the State of Florida, and ANN GALUZZO, and avers as follows:

1. This is an action for damages in excess of $15,000.00, exclusive of costs and attorney's fees.

2. At all times material hereto, Plaintiff, TODD GRAHAM (hereinafter referred to as GRAHAM) was an adult resident of the State of Florida. He suffered from muscular dystrophy, was confined to a wheelchair, and, as such, was a disabled person within the meaning of the Americans with Disabilities Act (ADA) and the Florida Americans with Disabilities Accessibility Implementation Act (FADAIA).

3. At all times material hereto, Defendant, PIZZA HUT,

INC., (hereinafter referred to as PIZZA HUT) was a Florida corporation conducting business in Highlands County, Florida.

4. At all times material hereto, Defendant, BLUE RIDGE PIZZA HUT, INC., (hereinafter referred to as BLUE RIDGE) was a Virginia corporation, registered in the State of Florida, and conducting business in Highlands County, Florida.

5. At all times material hereto, Defendant, ANN GALUZZO, (hereinafter referred to as GALUZZO) was the owner of certain property and structure thereon located at 2109 US 27 South, Sebring, Highlands County, Florida.

6. On or about May 25, 1997, Defendants, PIZZA HUT, BLUE RIDGE, and GALUZZO, owned, managed, and/or operated a place of public accommodation facility affecting commerce, which served food and/or drink to the public at large. Said establishment was located at 2109 US 27 South, Sebring, Highlands County, Florida.

7. On said date, Plaintiff, GRAHAM, went to Defendants' establishment with his family for the purpose of eating a meal. While at the establishment, Plaintiff sought to use the toilet facilities. However, the toilet facilities were not readily accessible to or useable by Plaintiff.

8. Specifically, Plaintiff was unable to use the toilet facilities because the entrance door to the toilet was too narrow to admit persons who use a wheelchair.

9. Plaintiff, having been unable to gain access to the toilet facilities, involuntarily began to urinate on himself in

2

the presence of his wife, his children, and other restaurant patrons.

10. With the assistance of his wife, Plaintiff removed himself to the parking lot of the establishment where he was forced to complete urinating by the shrubbery near the front of his vehicle.

11. As a direct and proximate result of Defendants' denial to Plaintiff of toilet facilities that were readily accessible to and useable by persons such as Plaintiff who use a wheelchair, Plaintiff suffered inconvenience, embarrassment, humiliation, emotional distress, and the indignity and stigma of discrimination based upon a handicap.

### COUNT I

### (Violation of Americans with Disabilities Act)

12. Plaintiff realleges and incorporates paragraphs 1 through 11, inclusive, as if set forth in their entirety herein.

13. At all times material to this action, the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. 12101 et seq., was in full force and effect in the United States.

14. The ADA expressly prohibits, inter alia, discrimination on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, leases to, or operates a place of public accommodation. Under the terms and provisions of the ADA,

discrimination includes a failure to remove architectural barriers, where such removal is readily achievable.

15. Plaintiff is an individual with a disability within the meaning of the ADA because Plaintiff has a physical impairment that substantially limits one or more major life activities.

16. The establishment located at 2109 US 27 South, Sebring, Highlands County, Florida, is a place of public accommodation within the meaning of the ADA because it is a restaurant which serves the public at large and the operations of which affect commerce.

17. Defendant, PIZZA HUT, is an entity that owns, leases, leases to, manages, or otherwise operates a place of public accommodation within the meaning of the ADA because Defendant, PIZZA HUT, owns, leases, leases to, manages, or otherwise operates the restaurant described in paragraph 16 hereof.

18. Defendant, BLUE RIDGE, is an entity that owns, leases, leases to, manages, or otherwise operates a place of public accommodation within the meaning of the ADA because Defendant, BLUE RIDGE, owns, leases, leases to, manages, or otherwise operates the restaurant described in paragraph 16 hereof.

19. Defendant, GALUZZO, is a person that owns, leases, leases to, manages, or otherwise operates a place of public accommodation within the meaning of the ADA because Defendant, GALUZZO, owns, leases, leases to, manages, or otherwise operates the restaurant described in paragraph 16 hereof.

20. On or about May 25, 1997, Defendants violated the ADA because they collectively and individually discriminated against Plaintiff on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of the restaurant, and because they failed to undertake readily achievable removal of architectural barriers.

## COUNT II

### (Violation of Florida Americans with Disabilities Accessibility Implementation Act)

21. Plaintiff realleges and incorporates paragraphs 1 through 11, inclusive, as if set forth in their entirety herein.

22. At all times material to this action, the Florida Americans with Disabilities Accessibility Implementation Act, Section 553 et seq., Florida Statutes, as enabled by the provisions of Section 760 et seq., Florida Statutes, was in full force and effect.

23. The FADAIA expressly prohibits, inter alia, the direct or indirect denial to any person, on account of physical handicap, of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation.

24. Plaintiff is a person with a physical handicap within the meaning of the FADAIA because of a bodily disablement which is the result of a medical condition and for which reasonable accommodation can be made.

5

25. The location set forth in paragraph 6, hereof, is a place of public accommodation within the meaning of the FADAIA.

26. On or about May 25, 1997, Defendant, PIZZA HUT, violated the FADAIA and its enabling provisions because it denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the restaurant based on Plaintiff's physical handicap.

27. On or about May 25, 1997, Defendant, BLUE RIDGE, violated the FADAIA and its enabling provisions because it denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the restaurant based on Plaintiff's physical handicap.

28. On or about May 25, 1997, Defendant, GALUZZO, violated the FADAIA and its enabling provisions because she denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the restaurant based on Plaintiff's physical handicap.

## COUNT III
### (Tortious Failure to Provide Facilities to a Member of the Public)

29. Plaintiff realleges and incorporates paragraphs 1 through 11, inclusive, as if set forth in their entirety herein.

30. At all times material to this action, the Defendants were under a noncontractual duty to furnish to the public, without discrimination, the facilities of the restaurant described in paragraph 6 hereof.

31. At all times material to this action, Plaintiff was entitled to the benefit of the facilities of the restaurant described in paragraph 6 hereof.

32. On or about May 25, 1997, Defendants violated their duty to furnish to the public, without discrimination, the facilities of the restaurant described in paragraph 6 hereof, because Defendants failed to provide Plaintiff a means of appropriate, nonsegregated, independent, and dignified access to the toilet facilities of the restaurant.

33. As a direct and proximate result of the Defendants' breach of their duty to furnish to the public, without discrimination, the facilities of the restaurant described in paragraph 6 hereof, Plaintiff suffered inconvenience, embarrassment, humiliation, emotional distress, and the indignity and stigma of discrimination.

34. Plaintiff has been required to retain the services of undersigned counsel to represent his interests herein and is required to pay a reasonable fee for said services.

WHEREFORE, Plaintiff respectfully demands trial by jury and prays for the following relief:

(a) An order directing the Defendants to remove the architectural barriers to the toilet facilities and to alter the establishment to make such facilities readily accessible to, and useable by, individuals with disabilities, in accordance with the ADA, the FADAIA, and the applicable guidelines related thereto;

(b) Entry of a money judgment against the Defendants awarding compensatory damages to Plaintiff;

(c) Entry of a money judgment against the Defendants awarding punitive damages to Plaintiff;

(d) An award to Plaintiff of his attorney's fees, including litigation expenses, and costs; and

(e) An award to Plaintiff of such other and further legal and equitable relief as may be necessary and appropriate in the premises.

DATED this 21st day of May, 1998.

*[signature]*

RONALD N. TOWARD, ESQUIRE
Post Office Box 1772
Bartow, FL 33831-1772
(941) 533-1232
Florida Bar Number 258105
Attorney for Plaintiff

**98-14207**

# CIVIL COVER SHEET

**CIV-PAINE**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

Todd Graham

**DEFENDANTS**

MAGISTRATE JUDGE
VITUNAC

Pizza Hut, Inc., Blue Ridge Pizza
Hut, Inc., and Ann Galuzzo

**NIGHT BOX FILED**
JUL 13 1998

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

CLERK, USDC / SDFL / MIA

N: Ft. Pierce 2:98CV14207/Paine/Vitunac

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Ronald N. Toward, Esq.   (941) 533-1232
Post Office Box 1772
Bartow, Florida 33831-1772

**ATTORNEYS (IF KNOWN)**

Stephen M. Corse, Esq.   (305) 371-2700
White & Case LLP, 200 S. Biscayne Blvd., #4900
Miami, Florida 33131

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** Highlands Ft. Pierce

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

American with Disabilities Act of 1990, 42 U.S.C. Section 12101 et.seq.

IVa. _____ days estimated (for both sides) to try entire case.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | A PROPERTY RIGHTS | B ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | B ☐ 371 Truth in Lending | ☐ 690 Other | A SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | A LABOR | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | B ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | B PRISONER PETITIONS | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | A FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | B ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights *A or B | | | *A or B |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Refiled
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND** $

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE: 7/13/98

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY: Receipt No. 695037   Amount: 150.00
Date Paid: 07/14/98   M/ifp: _____

UNITED STATES DISTRICT COURT
S/F I-2
REV 6/90